# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**Clifford Owensby,**

       **Plaintiff,**

  vs.

**City of Dayton,** *et al.,*

       **Defendants.**

**Case No. 3:21-cv-343**

**Judge Michael Newman**
**Magistrate Judge Caroline Gentry**

## RULE 26(f) REPORT OF PARTIES

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 11, 2022 and was attended by:

   - James Willis and Clarissa Smith, counsel for Plaintiff, Clifford Owensby;

   - Len Bazelak and Adam Laugle, counsel for Defendants City of Dayton, Officer Vincent Carter, and Officer Wayne Hammock.

2. The parties:

   ☐ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

   ☒ will exchange such disclosures by April 15, 2022.

   ☐ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

   ☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant

to 28 U.S.C. § 636(c).

☒do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☐unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings: July 15, 2022.

5. Recommended cut-off date for filing any motion to amend the pleadings and/ or to add additional parties: June 3, 2022.

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

   The scope of discovery in this case will include written discovery, depositions, depositions of experts and subpoenas to third parties related to the facts and circumstances related to all claims in the case and the defenses to those claims. The nature and extent of the necessary discovery is the same for preparing dispositive motions as it is for trial, and there is not a more limited set of discovery that can be accomplished first to assist the parties in making a settlement evaluation. In anticipation for mediation by Magistrate Judge Peter Silvain, the parties will engage in early limited discovery to the extent necessary for the parties to engage in an effective mediation; the intention being that any remaining discovery would occur

        after the mediation.

b.      What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?  No recommended limitations at this time.

c.      Additional recommended limitations on discovery: No additional recommended limitations at this time.

d.      Recommended date for the disclosure of lay witnesses: August 19, 2022.

e.      Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

Plaintiff plans to retain experts in accordance with rule 26(a)(2). Plaintiff intends to retain a medical expert who can opine in areas including injury assessment and diagnosis, prognosis, and treatment of, among other things, individuals suffering from paraplegia; and an expert who can opine in the area of police department policy, procedure, training, use of force, etc.

Defendants anticipate expert medical testimony as well as expert testimony on appropriate police procedure.

f.      Recommended date for disclosure and report of Plaintiff(s) expert(s):

    i.  Designation = October 14, 2022

    ii.  Reports = January 27, 2023

g.      Recommended date for disclosure and report of Defendant(s) expert(s):

      i. Disclosure = December 16, 2022

      ii. Reports = March 31, 2023

(Pending timely receipt of authorizations for release of Plaintiff's medical records and obtaining of the same.)

h. Recommended date for disclosure and report of rebuttal expert(s): April 7, 2023.

i. Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

☒ Yes

☐ No

      i. The parties have electronically stored information in the following formats: .pdf, .doc and .docx, .msg, .pst, .ost, other Microsoft Office file types, other file types for various other web-based email providers, other file types for various text message and other electronic messaging system providers, and other file types for audio and visual media files.  The parties do not anticipate that this lawsuit will involve complicated ESI issues.

      ii. The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced: The parties do not anticipate that this lawsuit will involve complicated ESI issues.

j. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work- product doctrine, including whether the parties agree to a procedure to assert these claims after production or

have any other agreements under Fed. R. Evid. 502.

☐ Yes- see i. below.

☒ No

    i.    The case presents the following issues relating to claims of privilege or of protection as trial preparation materials: N/A

    ii.    Have the parties agreed on a procedure to assert such claims AFTER production?

☒ No

☐ Yes

☐ Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: June 16, 2023.

8. Recommended dispositive motion date: August 18, 2023.

9. Recommended date for status conference (if any): The parties will contact the Court if a status conference is necessary.

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution: Mediation already contemplated.

11. Recommended date for a final pretrial conference: Week of November 27, 2023.

12. Has a settlement demand been made? No.

13. A response? No.

14. Date by which a settlement demand can be made: May 30, 2022.

15. Date by which a response can be made: July 25, 2022.

16. Other matters pertinent to the scheduling or management of this litigation: Mediation for

this matter will be scheduled with Magistrate Peter Silvain, Jr. The parties requested that the mediation will be set out approximately 120 days to allow for paper discovery prior to the mediation.

Respectfully Submitted,

| | |
|---|---|
| /s/ James R. Willis | s/ Leonard J. Bazelak __ |
| James R. Willis (0032463) | Leonard J. Bazelak (0064023) |
| 75 Erieview Plaza, Ste. 108 | Trial Attorney |
| Cleveland, Ohio 44114 | Adam M. Laugle (0092013) |
| Phone: (216) 523-1100 | City of Dayton Law Department |
| Fax: (216) 274-9915 | 101 W. Third Street |
| Jrwillis-barrister@sbcglobal.net | P.O. Box 22 |
| *Counsel for Plaintiff Clifford Owensby* | Dayton, Ohio 45402 |
| | Phone: (937) 333-4100 |
| /s/ Clarissa A. Smith | Fax: (937) 333-3628 |
| Clarissa A. Smith (0095891) | Leonard.bazelak@daytonohio.gov |
| 1220 W. Sixth Street, Ste. 308 | Adam.laugle@daytonohio.gov |
| Cleveland, Ohio 44114 | *Counsel for Defendants* |
| Phone: (216) 523-1100 | *City of Dayton, Officer Vincent Carter, and* |
| Fax: (216) 274-9915 | *Officer Wayne Hammock* |
| Clarissa.a.smithesq@gmail.com | |
| *Of Counsel for Plaintiff Clifford Owensby* | |